**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CV-25206-LEIBOWITZ/AUGUSTIN-BIRCH**

CLAUDIO ROMERO,

      **Plaintiff,**

v.

MONISON PALLETS, INC. and
VICTOR CARRASCAL,

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION ON JOINT MOTION FOR**
**ENTRY OF ORDER APPROVING SETTLEMENT AGREEMENT**

This cause comes before the Court on the parties' Joint Motion for Entry of Order Approving Settlement Agreement.  DE 34.  The Honorable David S. Leibowitz, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge. DE 35.  The Court has carefully considered the Joint Motion, the supplement thereto [DE 37], and the record and is fully advised in the premises.  The Court **RECOMMENDS** that the Joint Motion [DE 34] be **GRANTED**.

Plaintiff Claudio Romero filed this lawsuit against his employers, Defendants Monison Pallets, Inc. and Victor Carrascal, under the Fair Labor Standards Act ("FLSA") for unpaid minimum and overtime wages.  DE 1.  Plaintiff filed the lawsuit on behalf of himself and other similarly situated individuals, but no other potential plaintiffs have been involved in the case.  The parties have now resolved Plaintiff's claims.   Under the terms of the parties' Settlement Agreement, Plaintiff will receive $4,500, consisting of $2,000 in wages, $2,000 in liquidated

damages, and $500 as consideration for his resignation.  DE 34 at 7.  Plaintiff's counsel will receive $10,000 for fees and costs.  *Id.*

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982).  In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute.  *Id.* at 1355.  The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

The Court has considered the *Leverso* factors in conjunction with the Joint Motion and a review of the case.  The parties state that they continue to dispute Plaintiff's factual allegations and whether Defendants have any liability.  DE 34 at 2.  They settled in order to avoid the uncertainties, expense, and inconvenience of further litigation.  *Id.*  The parties are represented by counsel who believe that the settlement is a fair and reasonable resolution of this case.  *Id.* at 3. The parties settled early in the lifecycle of the case, avoiding the expense of full discovery, substantive motion practice, and trial preparation.  Further, this Court conducted a settlement conference in this case and therefore has familiarity with the case.  The Court has no reason to suspect that the settlement is a product of fraud or collusion.  The Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute.

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Plaintiff's counsel will receive $10,000 for fees and costs under the settlement. DE 34 at 7. The parties state that they negotiated this fee award separately from and without regard to the award to Plaintiff and that the fee award did not adversely affect Plaintiff's recovery. *Id.* at 3; DE 37 at 1–2.

Plaintiff's counsel filed a declaration stating that he has been practicing law for approximately nineteen years and has experience litigating employment-related matters. DE 37 at 6. His customary hourly rate is $650. *Id.* He attached a copy of his billing statement for this case. *Id.* at 9–13. That statement reflects billable fees of $14,186 and costs of $1,385. *Id.* at 12–13.

This Court does not often award attorney fees at a rate above $400 per hour in FLSA cases. *See, e.g.*, *Telleria v. Espinosa*, No. 22-CV-21130, 2023 WL 2768059, at *4 (S.D. Fla. Apr. 4, 2023) (explaining that a "rate above $400 seems to be the exception rather than the rule" (quotation marks omitted)). But even if the Court utilizes $400 as a reasonable hourly rate for legal services in this case, accepting counsel's representation about the amount of time he spent to litigate this case, the fee award is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement, which include various standard provisions. *See generally* DE 34 at 6–9. The Settlement Agreement also includes a requirement that Plaintiff resign his employment. *Id.* at 8. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the Joint Motion for Entry of Order Approving Settlement Agreement [DE 34] be **GRANTED** and that the Settlement Agreement be

**APPROVED**.   The Court further recommends that this case be **DISMISSED WITH PREJUDICE** with the Court retaining jurisdiction to enforce the terms of the Settlement Agreement.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 29th day of June, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE